IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRET WYATT NEAL,

        Plaintiff,

    v.

STATE OF OREGON SHERIFF'S OFFICE;
THE D.A. OFFICE OF HOOD RIVER COUNTY;
KATE BROWN; RICHARD PRINCEHOUSE;
and CARRIE RASMUSSEN

        Defendants.

Case No. 3:21-cv-00307-JR

ORDER TO DISMISS

HERNÀNDEZ, Chief Judge.

Plaintiff, an adult in custody at the NORCOR Adult Corrections Facility, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the Court dismisses plaintiff's Complaint.

## BACKGROUND

Plaintiff appears to allege that defendant Officer Princehouse violated plaintiff's due process rights by failing to properly investigate unidentified charges against plaintiff. He alleges defendant Rasmussen, who appears to be a private citizen, violated his rights in connection with testimony given to a grand jury. Finally, plaintiff alleges defendant Governor Kate Brown signed a Governor's warrant against him without ensuring the Hood River County District Attorney's office had sufficient proof to justify the warrant. Plaintiff does not specify the relief sought, nor has plaintiff signed the Complaint.[1]

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that

---

[1] It appears plaintiff may have failed to submit the entirety of his Complaint, as the Court received only pages one through four of what is generally a six-page form Complaint.

the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

I. **Procedural Deficiencies**

Pursuant to Fed. R. Civ. P. 3, "[a] civil action is commenced by filing a complaint with the court." Pursuant to Fed. R. Civ. P. 8(a), a complaint shall include "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1). If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored); cf. Fed. R. Civ. P. 8(e)(1) ("each averment of a pleading shall be simple, concise, and direct"). Likewise, the failure to indicate what in particular a plaintiff seeks by way of relief is in itself a failure to state a claim. Conkey v. Reno, 885 F.Supp. 1389, 1392 (D.Nev. 1995).

Pursuant to Fed. R. Civ. P. 11(a), every pleading, motion and other paper submitted by an individual proceeding *pro se* shall be signed by the plaintiff. "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Id Here, as noted, plaintiff did not sign his Complaint and did not allege the relief sought. Accordingly, plaintiff must file an Amended Complaint curing these deficiencies.

3 - ORDER TO DISMISS

## II. Substantive Deficiencies

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A § 1983 plaintiff must establish both causation-in-fact and proximate (*i.e.*, legal) causation. See Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008). Allegations regarding § 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). "Sweeping conclusory allegations [regarding causation] will not suffice[.]" Id. (citation omitted).

As to defendant Officer Princehouse, plaintiff fails to allege facts substantiating a claim that he violated plaintiff's due process rights. Moreover, to the extent plaintiff claims that Princehouse denied plaintiff a fair trial by failing to adequately investigate, that claim is barred under Heck v. Humphrey, 512 U.S. 477, 481 (1994). Under Heck, a § 1983 claim for damages may not be asserted if a judgment in the plaintiff's favor on that claim would necessarily imply the invalidity of a conviction or sentence which remains outstanding against the plaintiff. Id. at 486. Plaintiff cannot bring such a claim in a § 1983 action unless and until he has successfully invalidated his conviction on appeal, in a habeas action, or by other appropriate means.

Plaintiff's claim against defendant Rasmussen fails as well. A private citizen who appears as a witness before the grand jury does not act "under color of state law" as required by § 1983. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991) (generally, private parties are not acting

under color of state law). Moreover, both private individuals and government officials who serve as witnesses are absolutely immune from suit for damages with respect to their testimony. See Briscoe v. LaHue, 460 U.S. 325, 326 (1983); Paine v. City of Lompoc, 265 F.3d 975, 980 (9th Cir. 2001). This immunity extends to testimony given at pre-trial hearings. Holt v. Castaneda, 832 F.2d 123, 127 (9th Cir. 1987).

Finally, plaintiff fails to state a claim against defendant Governor Brown upon which relief may be granted under § 1983. A civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his or her confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991). By contrast, habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his or her confinement. Preiser v. Rodriguez, 411 U.S. 475, 484, (1973). Here, plaintiff appears to challenge his extradition, which ultimately resulted in his confinement at NORCOR. Plaintiff's success in this action would necessarily call into question the validity of his confinement. Accordingly, a writ of habeas corpus is plaintiff's sole remedy in federal court which may be pursued only after exhausting all of his constitutional claims in state court. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original); Heck, 512 U.S. at 486-87 (a state prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by "actions whose unlawfulness would render the imprisonment invalid," unless he can prove that the conviction or other basis for confinement has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus); see also Nelson v. Lucas, No. 99-36127, 2000 WL 1411181 at *2 (9th Cir. Sept.26, 2000) (affirming district court's dismissal of plaintiff's claims concerning his extradition from Nevada to Washington as Heck barred); Scott v. Director of Corrs., No. C02-3507CRB(PR), 2002 WL 1767415 at *1 (N.D. Cal. July 29, 2002) (dismissing civil rights complaint alleging extradition from Ohio to California was illegal without prejudice to the proper filing of a petition for writ of habeas corpus).

## **CONCLUSION**

Based on the foregoing, the Court DISMISSES plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint will result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this   3   day of June 2021.

*[signature: Marco Hernàndez]*
Marco A. Hernàndez
Chief United States District Judge